**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lisa T. Moran,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-26-00060-PHX-DJH

**ORDER**

This matter is before the Court on Plaintiff Lisa T. Moran ("Plaintiff") and Defendant Commissioner of Social Security Administration's ("Defendant") Stipulation for Award of Attorney Fees under the Equal Access to Justice Act ("EAJA") (Doc. 19). Plaintiff, through counsel, seeks $7,700.00 in attorney fees. (*Id.* at 1).

In any action brought by or against the United States except one sounding in tort, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). Under the EAJA, "attorneys' fees are to be awarded to a party winning a . . . remand unless the Commissioner [of the Social Security Administration] shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 568–69 (9th Cir. 1995)). The Commissioner stipulated to the attorney fees sought by Plaintiff and has not argued that its position was

"substantially justified." *Lewis*, 281 F.3d at 1083. Thus, Plaintiff is entitled to reasonable attorney fees under the EAJA. *See id.*

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–98 (2010), EAJA fees awarded by the Court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B)).

Accordingly,

**IT IS HEREBY ORDERED** the Stipulation for Award of Attorney Fees under the Equal Access to Justice Act (Doc. 19) is **GRANTED**. Plaintiff is awarded $7,700.00 in attorney fees.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines upon effectuation of this Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727(b), the fees will be made payable to Plaintiff's attorney: Sarah Fern. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 15th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge